UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANNY CHERRY,

    Plaintiff,

    v.                                          CAUSE NO. 3:24-CV-976-JD-AZ

BRYANT LAWRENCE JOHNSON,

    Defendant.

OPINION AND ORDER

Danny Cherry, a prisoner without a lawyer, filed a complaint against a fellow inmate, Bryant Lawrence Johnson, based on the alleged sexual assaults he experienced at the Miami Correctional Facility. ECF 1. Because he had not paid the filing fee or filed an in forma pauperis motion, he was ordered to do so by January 20, 2025. ECF 2. Instead, he filed a notice of change of address, explaining that he had been transferred from the Miami Correctional Facility to the Wabash Correctional Facility less than twenty-four hours after he submitted his complaint on December 9, 2024. ECF 3.[1]

Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual

---

[1] A letter subsequently filed by Cherry indicates he has been unable to obtain his inmate ledger from prison officials. ECF 7. Accordingly, the initial partial filing fee has been waived, and he has been granted leave to proceed in forma pauperis via separate order.

matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pro se complaint must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Cherry claims that on December 29, 2023, he was assigned to a cell with "unflagged security threat group 'Gangster Disciples' member Offender Bryant B.B. Lawrence Johnson." ECF 1 at 2. After Offender Johnson discovered that Cherry was in prison for child molestation, he began demanding sexual favors in exchange for "protection." *Id*. Cherry performed oral sex on Offender Johnson multiple times. On January 21, 2024, Offender Johnson sexually assaulted Cherry via anal penetration. Cherry was relocated to a new dorm the next day. Cherry reported Offender Johnson to Miami Correctional Facility officials pursuant to the Prison Rape Elimination Act, 34 U.S.C. §§ 30301–09 ("PREA"), and he also told the leader of the Gangster Disciples what had happened. On February 21, 2024, Cherry "outed" Offender Johnson to the rest of the Gangster Disciples. Cherry was then taken to the restricted housing unit for his safety.

On February 22, 2024, Cherry was placed in administrative segregation pending transfer to another facility. Cherry claims he has lost a significant amount of weight while in administrative segregation, but he doesn't explain why. He has sued Offender Johnson and seeks only injunctive relief. He asks the court to order Offender Johnson to

"stop intentionally infecting unaware offenders with HIV and herpes virus; to stop trafficking and selling the illegal drugs here killing, and destroying imperfect humans disenfranchised by crime, to quit the 'Gangster Disciples.'" *Id.* at 4.

There are multiple problems with Cherry's complaint. First, he sues only a fellow inmate. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citation omitted). Offender Johnson is a private individual, and Cherry has not alleged any facts to suggest he can be considered a state actor.[2]

Cherry may also be trying to assert a claim directly under PREA, which was enacted to protect the rights of prisoners by "establish[ing] a zero-tolerance standard for the incidence of prison rape," 34 U.S.C. § 30302(1), but "PREA does not provide a private right of action." *Hallett v. Gould*, No. 1:23-CV-350-HAB-SLC, 2024 WL 1885780, at *3 (N.D. Ind. Apr. 29, 2024); *see also Scruggs v. Nolen*, No. 3:23-CV-669-DRL-MGG, 2024 WL 1796542, at *1 n.1 (N.D. Ind. Apr. 24, 2024); *Dodd v. Indiana Dep't of Correction*, No. 3:22-CV-322-DRL-MGG, 2023 WL 34638, at *3 (N.D. Ind. Jan. 3, 2023); *Scruggs v. Williams*, No. 3:21-CV-905-JD-MGG, 2022 WL 1605257, at *4 (N.D. Ind. May 20, 2022);

---

[2] Nor has he suggested that diversity jurisdiction applies. *See* 28 U.S.C. § 1332.

*Coonce v. Martin*, No. 3:21-CV-60-JD-MGG, 2021 WL 2686420, at *1 (N.D. Ind. June 30, 2021); *Winners v. Hyatt*, No. 3:20-CV-1035-JD-MGG, 2021 WL 1165140, at *2 (N.D. Ind. Mar. 25, 2021); and *Fleming v. Indiana Dep't of Correction*, No. 3:19-CV-646-DRL-MGG, 2020 WL 7629090, at *2 (N.D. Ind. Dec. 21, 2020). To the extent he is claiming prison staff did not follow internal prison policies adopted pursuant to PREA in investigating his complaint, this would not state a federal claim either. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations").

Finally, even if the court were to construe Cherry's claim for injunctive relief generously as being brought against the Warden of the Miami Correctional Facility to protect him from the advances of Offender Johnson, that claim is not viable. Cherry admits he was transferred to the Wabash Valley Correctional Facility less than twenty-four hours after his complaint was filed. *See* ECF 3. He describes his various moves within that new facility—including being placed in protective custody due to alleged threats made against him for being "black"—but he doesn't suggest he will be transferred back to the Miami Correctional Facility. *Id.*[3]

"If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). "Allegations of a likely retransfer may not be based on mere speculation." *Id*. A claim that is moot must

---

[3] Claims concerning events that occurred (or are occurring) at the Wabash Valley Correctional Facility should be brought via separate lawsuit in the Southern District of Indiana.

4

be dismissed for lack of jurisdiction. *See E.F.L. v. Prim*, 986 F.3d 959, 962 (7th Cir. 2021); *see also Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("In an action seeking only injunctive relief, this requirement ordinarily means that, once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot."). Therefore, even if Cherry had named the Warden, he has not stated a viable claim against him.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. 1915A because the complaint fails to state any viable claims and because the request for injunctive relief at the Miami Correctional Facility related to the defendant, Offender Bryant Lawrence Johnson, is MOOT.

SO ORDERED on February 13, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT